■ NORTH ROSLYN MEMORIAL BUILDING ASSOCIATION, INC., on Behalf of Itself and All Other Residents of the Unincorporated Village of Greenvale, Appellant, v. RALPH JANNOTTA et al., Respondents. [Two Actions — Nos. 1 and 2].— In two actions between the same parties, Action No. 1 being under the former article 15 of the Real Property Law to declare the rights of the parties to certain real property, and Action No. 2 being to direct defendants to specifically perform an alleged contract to execute a renewal lease to such property, the plaintiff (in consolidated appeals) appeals as follows from three orders of the Supreme Court, Nassau County: (1) So much of an order, dated June 13, 1963, as granted defendants' motion, pursuant to rule 113 of the former Rules of Civil Practice, to dismiss the complaint and to cancel the *lis pendens* in Action No. 1. (2) An order, dated the same day, which denied plaintiff's motion for reargument of the prior motion. (3) An order, dated October 3, 1963, which granted defendants' motion, pursuant to subdivision 4 of rule 107 of the former Rules of Civil Practice (now CPLR 3211, subd. 5), to dismiss the complaint in Action No. 2 on the ground that such action is *res judicata*. The first order of June 13, 1963 (which granted defendants' motion for summary judgment and to cancel the *lis pendens*), insofar as appealed from, and order of October 3, 1963, affirmed, with one bill of $10 costs and disbursements. No opinion. Appeal from the second order of June 13, 1963 (which denied plaintiff's motion for reargument), dismissed, without costs. An order denying reargument is not appealable (*Kern* v. *Metropolitan Life Ins. Co.*, 19 A D 2d 556; *City of New York* v. *Crown Crane Rental Co.*, 19 A D 2d 708). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.